**Janet NOONAN, Plaintiff,**

v.

**INDIANA GAMING CO., L.P. d/b/a Argosy Casino, Defendant.**

**No. 2:02–CV–194–WOB.**

United States District Court, E.D. Kentucky.

May 28, 2003.

Dennis M. O'Bryan, O'Bryan, Baun & Cohen, Birmingham, MI, Michael Ryan Voorhees, Phillips Law Firm, Inc., Cincinnati, OH, for Plaintiff.

Todd M. Powers, Schroeder, Maundrell, Barbiere & Powers, Cincinnati, OH, for Defendant.

## *ORDER*

BERTELSMAN, District Judge.

This case is a class action complaint filed under Fed.R.Civ.P. Rule 9(h) by an employee of the defendant, alleging she was wrongly denied the continuation of maintenance benefits under admiralty law. Plaintiff seeks to represent a class of employees similarly denied benefits. This court has admiralty jurisdiction under 28 U.S.C. § 1333.

This matter is before the court on defendant's motion to deny class certification (Doc. No. 6), and plaintiff's motion to compel responses to interrogatories (Doc. No. 8). The plaintiff filed her class action complaint on August 2, 2002 (Doc. No. 1), but has not yet moved for class certification. The parties have filed responses to each of the motions (Doc. Nos. 8 & 10). The parties expressly waived oral argument and requested this court to rule on the pending motions on the basis of the submitted briefs.

## FACTUAL BACKGROUND

At this stage in the litigation, prior to discovery, there is little factual history in the record before the court. Plaintiff Noonan is an employee of defendant Indiana Gaming Company, L.P., d/b/a Argosy Casino (hereinafter "Argosy"), where she worked on the vessel M/V Argosy Casino. Noonan alleges that she was injured in the course of her employment.

According to the complaint, Noonan:

[S]uffered illness or injury in the service of Defendant's vessels and [was] thereafter paid maintenance benefits at Defendant's standard rate which were prematurely terminated prior to maximum medical improvement being attained when Defendant returned Plaintiff to employment at light duty in order to avoid paying maintenance.

(No. 1 at ¶ 3). It appears that Noonan was placed on some form of leave for medical reasons and began collecting benefits. At some point Argosy brought her back to work

in a "light duty capacity." *Id.* When she returned to work, Argosy stopped paying her maintenance benefits.

On the merits, Noonan alleges that she was wrongly denied the continuation of maintenance benefits after she returned to work, because she had not yet reached "maximum medical improvement" (No. 1 at ¶ 3). From the allegation in her complaint, Noonan's argument seems to be that either (1) Argosy should have continued paying her maintenance benefits after returning her to light duty because she had not attained maximum medical improvement; or (2) Argosy should not have returned her to light duty before she reached maximum medical improvement, and only did so for the purpose of terminating her benefits.

Argosy has denied all of Noonan's allegations and has not yet addressed the merits of the case.

Noonan seeks to represent a class of "crewmembers who have been deprived of maintenance by Defendant after returning to Defendant's employ at a light duty job but before reaching maximum medical improvement" (No. 1 at 2). Noonan admits she does not yet have factual support for certification of the class, and argues that discovery is needed before a motion for certification becomes appropriate (No. 7 at 1).

## ANALYSIS

For the court to certify a class action, the plaintiff's proposed class must first satisfy all four of the threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. If each of these four prerequisites is established, the plaintiff must then show that the class may be maintained under one of the theories available under Rule 23(b). The burden of establishing all of the necessary requirements rests on the party seeking class certification. *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1086 (6th Cir.1996).

The party seeking certification must move the court to formally certify the proposed class. Generally, the determination will be based on evidence beyond that provided in the pleadings. *Id.* at 1079. The party seeking certification must state basic facts to support each requirement of the Rule, beyond simply reciting the requirements in the pleadings. *Id.* The determination should be made "[a]s soon as practicable." Fed. R.Civ.P. 23(c)(1). Either party may move the court for a determination. *Gore v. Turner,* 563 F.2d 159, 165 (5th Cir.1978). A district court is required to perform "rigorous analysis" of all of the requirements of Rule 23 before it may certify any class. *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 397 (6th Cir.1998).

While in many cases it might be preferable at this stage for the court to permit discovery to gather facts supporting the allegations, in this case discovery regarding a class action would be futile. The plaintiff has not yet offered facts sufficient to support class certification; at the current stage, the pleadings do not support a finding that *any* of the requirements are met. But even under any discoverable set of facts, this proposed class could not meet all of the requirements. Noonan especially has difficulty demonstrating the typicality of the claims, the predominance of common questions of law or fact, and that a class action is a superior method for prosecuting the claims.

### The prerequisites to a class action under Rule 23(a).

Each of the four threshold requirements must be met. Rule 23(a) provides:

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Failure to establish any one of the four requirements will defeat the certification of the proposed class. The Sixth Circuit has held that "[m]ere repetition of the language of Rule 23(a) is not sufficient." *Id.* at 1079.

Noonan argues that her alleged class meets the requirements of Rule 23. Her allegations generally track the language of the Rule. Under the first prerequisite, Noonan argues that the precise number of class members need not be alleged, and that courts have found numerosity to be satisfied for classes as small as twenty-five members. Noonan next argues that there is a common question of law, whether a shipowner is required to pay maintenance to a crewmember who has returned to work at a light duty position before reaching maximum medical improvement. She also alleges a common question of fact pertains to all class members, who are allegedly fellow crewmembers who returned to light duty positions and had maintenance benefits terminated before reaching maximum medical improvement. Noonan contends the typicality requirement is satisfied because the claims of all class members will be based on the same legal theory. Finally, the representation offered by Noonan to the class is alleged to be adequate.

Argosy argues that Noonan's class fails to meet any of the four threshold requirements of Rule 23(a). First, it alleges that Noonan has not offered any evidence or a reasonable estimate of the number of potential class members, and has left the court unable to approximate the size or even the definition of the class (No. 6 at 6). Second, Argosy maintains that Noonan has failed to show how the questions of law and fact she asserts are applicable to the vaguely described class, and that the members would necessarily have highly individualized fact patterns. Likewise, argues Argosy, Noonan has failed to sufficiently describe how her claims will be typical of the class beyond her simply reciting the requirement, and that the common theory asserted by Noonan would be outweighed by the distinct factual and legal issues of each member. Argosy also contends that some of the proposed members might be barred by the statute of limitations (*Id.* at 9). Finally, Argosy argues that conflicting interests among class members, specifically between those who are still employed by Argosy and those who are not, would prevent Noonan from adequately representing the interests of the class.

## Numerosity

■ The class must be "so numerous that joinder of all members is impracticable." R. 23(a)(1). In its motion to deny certification, Argosy contends that Noonan's description contains only broad allegations of fact and renders it impossible for the court to make any estimation of the size of the class that would enable it to determine whether it has the requisite size to comply with the purpose of the rule. (No. 6 at 5). Noonan responds by asserting that the precise number and identity of class members need not be alleged (No. 7 at 1, citing *Sims v. Parke, Davis & Co.*, 334 F.Supp. 774, 781 (E.D.Mich.1971)), and then by providing citations to cases where courts have found the numerosity requirement satisfied where the class contains between twenty and forty members.

Noonan is correct that she is not required to provide the exact number of proposed members, but she nonetheless must give the court some basis to make a reasonable estimate in determining whether the class will indeed be so large that a class action becomes necessary. At this stage in the litigation, Noonan has failed to satisfy the numerosity requirement. She has not alleged any facts that would allow the court to make this determination. There are no indications in the pleadings as to how many other employees Argosy has or has had, how many may have received the maintenance benefits Noonan received, or how many may have been returned to light duty. The court cannot find that joinder would be impracticable.

However, contrary to Argosy's argument, the numerosity requirement could potentially be established after discovery, at the point in the litigation where Noonan would move the court to certify her proposed class. The determination depends on the court's examination of the specific facts of the case. *Am. Med. Sys.*, 75 F.3d at 1079. It is not beyond the realm of possibility that Noonan might discover facts that could give rise to a reasonable estimate of the potential class size. Therefore, though 23(a)(1) has not yet been established, the court will not at this time deny class certification on this basis.

## Commonality

■ The Rule 23 threshold requires that there be a common question of law or fact among the members of the proposed class. The Supreme Court has noted that class actions, the exceptions to the general rule of individually-brought claims, may be appropriate where "the issues involved are common to the class as a whole and where they turn on questions of law applicable in the same manner to each member of the class" such that the common issue may be litigated for all in an "economical fashion." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (citations omitted). Thus, while there need only be one common issue, that issue must not be at too great a level of generalization or abstractness. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998).

Noonan alleges that a common question of law is "whether maintenance is payable where a shipowner returns a crewmember back to work at a light duty position before maximum medical improvement is reached," (No. 7 at 2), citing *Vaughan v. Atkinson*, 369 U.S. 527, 533–34, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). In *Vaughan*, the Supreme Court discussed the legal duty of shipowners in admiralty to provide "maintenance and cure" to injured seamen. This duty is a longstanding principle of maritime law and appears to apply to riverboat casino operators such as Argosy. *See Rannals v. Diamond Jo Casino*, 265 F.3d 442, 445 n. 1 (6th Cir.2001). Though the court does not rule on this issue, it is nonetheless possible that Noonan pres-

ents a legitimate question of law to be resolved in determining whether she is entitled to relief.[1] However, this legal question is not "common" for the purposes of maintaining a class action. Noonan's cause of action is more like the thousands of individual claims pursued in the courts for employment actions, insurance benefits, and so on, which do not become class actions simply because there may be other parties with similar claims or a common defendant. Noonan's question of law could be a valid one, but if so it is answerable only as it specifically applies to her, without any further indication that the other proposed class members would have their claims resolved by answering this question as to Noonan.

Furthermore, the intense factual nature of this claim will prevent her from persuading the court at any point that there is commonality among class members. Among the proposed class members, there will likely be a broad variety of experiences. The nature of each member's injury, the time it took to recover, the type of work he or she performed, and the type of light duty to which he or she was returned, are all highly individualized questions that will impact the resolution of the legal issue. If maintenance is intended to support injured seamen until they recover, it would be more appropriate for the courts to determine liability with respect to each member in his or her individual case, because resolving the issue requires answering questions of whether and when each class member recovered.

1. Though not presently before the court, a preliminary analysis of Noonan's question of law indicates that while she is correct in stating the law, the purposes of the maintenance duty may not extend to the relief she seeks. The Supreme Court in *Vaughan* held that "[m]aintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." 369 U.S. at 530, 82 S.Ct. 997. The Sixth Circuit has recently held that to recover for maintenance and cure, "a plaintiff need show only that (1) he was working as a seaman, (2) he became injured while in the vessel's service, and (3) he lost wages or incurred expenditures relating to the treatment of the illness or injury." *West v. Midland Enter.*, 227

F.3d 613, 616 (6th Cir.2000) (affirming in part a judgment of this court).

Noonan may not have reached "maximum medical recovery," but she has not alleged as a matter of fact that she "lost wages" after returning to light duty, or that she remained "incapacitated to do a seaman's work." Furthermore, the *Vaughan* Court noted, citing a line of caselaw originating from Justice Story, that the policy underlying the duty was to protect seamen who were wards of the ship from the hazards of illness and abandonment while ill in foreign ports. 369 U.S. at 531, 82 S.Ct. 997. In short, it is not clear that the mere phrase "maximum medical recovery" implies that the shipowner's legal duty must extend beyond such time as a seaman returns to work aboard the ship, even in a light duty capacity.

The wide variety in each individual's circumstances and the highly factual nature of their claims will prevent the court from resolving the case without an extensive inquiry into the situation of each plaintiff. It may be necessary for each member's treating physician to testify regarding the injuries, the treatment, and whether "maximum medical improvement" has been attained. (No. 6 at 7). There may also be differences in how different members were treated by Argosy, whether in degree, or length of time.

Furthermore, this proposed class does not further the purpose of the commonality requirement in providing a means for saving resources for both the court and the parties and resolve the issue in an economical fashion. *Am. Med. Sys.*, 75 F.3d at 1080. Here, the court would be required to make extensive inquiries into the different medical and employment histories of the members, and would then be forced to compare them all and resolve the case for the entire class. The different circumstances might warrant different damages-or different outcomes-in different cases. In fact, it would probably be *more* difficult for the court to resolve these claims in a class action.

### Typicality

■ The typicality requirement, for similar reasons, will also prevent Noonan from meeting the threshold requirements of Rule 23, regardless of any facts she could possibly produce through discovery. The Sixth Circuit describes the purpose of the typicality requirement as follows:

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct .... Thus a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

*In re Am. Med. Sys.*, 75 F.3d at 1082 (citations omitted). In this case, both parties seem to construe it as an extension of their arguments regarding commonality. This is not without good reason, for the same prob-

lems-highly individualized, fact-specific claims-ultimately defeat Noonan's assertion that her claims are typical (Noonan states that her interests are typical of the class members because they all allegedly had maintenance cut off after returning to work before maximum medical improvement) (No. 7 at 3).

If Noonan's allegation is true that the class members were each harmed by an Argosy policy to discontinue benefits after return to light duty, then perhaps the court could infer a "collective nature" to Argosy's conduct. But certification becomes inappropriate when, even if there are common questions, "each class member's claim involves so many *distinct* factual or legal questions." *Marquis v. Tecumseh Prods. Co.*, 206 F.R.D. 132, 159 (E.D.Mich.2002). Here, because of the wide variety of potential fact patterns discussed above (differences in injuries, treatments, reaching "maximum medical improvement," jobs, light duty assignments, treatment by Argosy, timing, and so on) the court could determine that some of the class members' claims warrant different outcomes than those of others.

Typicality is required so that the class representative may "advance the interests of the entire class." According to the Sixth Circuit, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399. The near certainty of important factual differences arising between various class members and the distinct possibility of different outcomes for different cases make it impossible for Noonan to establish, even with discovery, that her claim is typical.

Additionally, Argosy points out that given the three-year statute of limitations for general maritime claims, 46 U.S.C. § 763a, some of the members of the proposed class might be ineligible to bring suit.

Finally, it is worth noting that Noonan's claim might also fail to be typical of the legal theories of other class members, as the rule requires. In *Sprague*, the Sixth Circuit ruled that class certification was inappropriate in part because both contract and estop-

**398**

pel theories were available to the plaintiffs, and different members of the proposed class members would have their interests better served under different theories. 133 F.3d at 388. While Noonan characterizes her claim as being in "quasi breach of contract," it is possible that based on the facts, different legal theories could best serve different members of the proposed class and offer different chances of success in court. Noonan's certification would then not be the best vehicle for advancing the interests of the class.

### Adequacy of Representation

■ Noonan has not shown that she will "fairly and adequately protect the interests of the class" under Rule 23(a)(4). To meet this requirement, the Sixth Circuit mandates that the representative (1) must have common interests with all members of the class, and (2) will vigorously prosecute the interests of the class through qualified counsel. *Senter v. General Motors*, 532 F.2d 511, 525 (6th Cir.1976). Argosy argues that Noonan fails under this requirement because she has not offered evidence that her attorneys possess sufficient qualifications or experience in class action litigation.

Argosy is correct in its conclusion but not for that reason. Noonan has simply failed to offer *any* facts beyond a mere recitation of the rule. While this would prevent class certification if Noonan had moved the court to certify, and Noonan should have provided the court with more than a conclusory allegation according to Rule 23, it is not beyond the realm of possibility that after discovery Noonan could indeed show the court that her interests are "coextensive with those of the class on all issues which relate to the class." *Id.* Therefore, the court will not grant Argosy's motion to deny certification on the basis of the adequacy prong by itself, even though it has not yet been established. Assuming arguendo that she could meet the other three requirements, courts have found adequacy satisfied when the representative's claims are essentially the same as those of the rest of the class.

The more difficult problem for Noonan regarding adequacy is that proving adequacy of representation depends in part on that showing of commonality and typicality. Given the impossibility of Noonan's ever meeting those requirements, for reasons such as the fact-intensive nature of the claim and the possibility of different causes of action or theories among class members, it would follow that their interests could be different from Noonan's, and prevent her from asserting that she would represent all of the members fairly. "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Am. Med. Sys.*, 75 F.3d at 1083.

The court does not need to make an inquiry into the qualifications of Noonan's counsel with respect to prosecuting class actions. Noonan will not be able to prove adequacy of representation because her theory of alleged common interests and typical claims is defective.

### Maintenance of the Proposed Class under Rule 23(b)

Having determined that Noonan's proposed class can not meet all four threshold requirements of Rule 23(a), the court finds that it should deny class certification on that basis alone. Even if Noonan had met the threshold requirements, however, she would still be obligated to demonstrate that the proposed class may be maintained under one of the theories outlined in Rule 23(b). But there is even less support for any Rule 23(b) theory for maintaining the proposed class than there is for meeting the threshold requirements of Rule 23(a). Therefore, this class may not be maintained.

In her complaint, Noonan alleges that the class action is warranted under both 23(b)(1) and (3).[2] Maintaining a class under Rule 23(b)(1) is appropriate when:

> The prosecution of separate actions by or against individual members of the class would create a risk of

---

**2.** In her response to Argosy's motion to deny class certification, Noonan seems to abandon the argument that the class is maintainable because

of the risks under Rule 23(b)(1), and only discusses maintainability under 23(b)(3). (No. 7 at 3).

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest[.]

Fed.R.Civ.P.R. 23(b)(1). Certification under Rule 23(b)(3) is appropriate when common questions of law or fact predominate, and when a class action is a superior means of adjudicating the controversy: when the court finds that

the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

Under Rule 23(b)(1), Noonan argues that the prosecution of separate actions would create a risk of both (A) inconsistent or varying adjudications that would establish incompatible standards of conduct, and (B) adjudications that would be dispositive of the interests of the class. (No. 1 at ¶ 8). She also alleges, under Rule 23(b)(3), that the common questions of law and fact described above predominate over questions affecting

individual members, and that a class action is superior to individual litigation in this case because the action is in "quasi breach of contract," and Argosy's maintenance rate is a standard $30 per day, making the amount of recovery easily computable for all class members (No. 1 at ¶¶ 9, 10; No. 7 at 1, 3).

Argosy insists that since Noonan fails to meet the Rule 23(a) prerequisites the court must deny certification, but that Noonan has nonetheless failed to demonstrate that a class can be maintained under Rule 23(b). Argosy first argues that the proposed class does not qualify under 23(b)(1):[3] subsection (b)(1)(A) was designed to provide uniform injunctive or declaratory relief, rather than compensatory damages; subsection (b)(1)(B) classes are generally certified for limited fund suits. In neither case, Argosy contends, does the mere possibility that some plaintiffs may be successful while others may not provide a sufficient ground for certification. (No. 6 at 12–14).

Argosy furthermore asserts that Noonan's proposed class also fails to qualify under Rule 23(b)(3), which permits certification when common questions of law or fact predominate and a class action is superior to other methods of adjudication. Since the common questions are not even established, as discussed above, they can not be held to meet the more stringent requirement of "predominating." Argosy then argues that in this case, class treatment would be decidedly inferior, placing on the court the burden of addressing the differing circumstances of every class member with regard to employment status, medical history, pay scale, and other factors. (No. 6 at 16).

As noted above, Noonan appears to have abandoned the allegation made in the complaint of a class under Rule 23(b)(1)(A) or (B), only arguing in its response brief that the class should be maintained under subsection (b)(3). Certification under subsection (b)(1) is indeed incompatible with Noonan's proposed class action.[4] (No. 6 at 13). The

---

**3.** As noted above, Noonan seems to have abandoned this argument in her response brief.

**4.** These "mandatory class actions" are the rarest kind, appropriate only where there is significant

risk of either inconsistent adjudications creating incompatible standards of conduct, or of impairing the interests of other members, as in the context of a limited fund suit.

court therefore rules that the class may not be maintained under Rule 23(b)(1).

Nor is certification under Rule 23(b)(3) appropriate. This device was designed to create greater efficiency through economies of time, effort, and expense. *Am. Med. Sys.*, 75 F.3d at 1084 (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1196–97 (6th Cir.1988)). The burden is on the party seeking certification to establish that common issues predominate, and that a class action is a superior means of adjudication. *Am. Med. Sys.*, 75 F.3d at 1085, 1086. Noonan has failed to establish either predominance or superiority.

The requirement that common issues of fact or law predominate is a parallel one to the commonality threshold requirement in subsection 23(a), but it is more stringent in requiring that they "predominate" over individual issues. For the reasons discussed *supra*, Noonan can not establish that there are common questions beyond the simple allegation that there may be other Argosy employees who were denied maintenance after returning from an injury. However, even if she had met the threshold commonality requirement, there are too many individual issues likely to be present for each class member for the court to find that the alleged common issues predominate.

Noonan asserts that the predominant common question is "whether Defendant's practice of not paying maintenance to re-employed persons who have yet to reach maximum medical improvement is permissible under general principles of maritime and admiralty law." (No. 7 at 3). However, the actual circumstances of each proposed class member could be very different. The job classifications, types of injury sustained, the medical testimony as to the attainment of "maximum medical recovery," the length of time for which maintenance was paid, the type of duty to which each member returned and at what stage in the recovery process, and any representations that may have been made by Argosy are all factors that could bear on the outcome of the case. Questions of liability and damages could differ for each member. Notwithstanding Noonan's assertion that because Argosy's maintenance rate is a standard $30 per day and would therefore be easily computed, the much more nebulous issues of "maximum medical improvement" and the actual circumstances of the "light duty" for each member would prevent any simple resolution.[5]

Even if there is a common fact of having been denied maintenance, this variety of possible circumstances would make it more appropriate to try each case individually. In fact, trying this as a class action would actually increase the burden on the court, which would need to conduct an inquiry into all of these circumstances. This would become a case where "an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried." Fed.R.Civ.P. 23, Notes of Advisory Committee on Rules, 1966 Amendment.

Noonan has likewise failed to establish that a class action is a superior means of adjudicating her claim. In her complaint, she alleges that a class action will: "(A) Avoid a multiplicity of actions; (B) Permit the litigation of small claims otherwise sufficient [sic] to support litigation; (C) Promote judicial economy." (No. 1 at 3). Noonan provides no argument on this matter in her response brief. Noonan can not establish the superiority requirement because her theory here suffers from the same fatal flaw that plagues the rest of her theory. In this case, because of the individualized, fact-intensive inquiries necessary, avoiding a multiplicity of actions would have the precise effect of *preventing* judicial economy. While an individual case of this type would be relatively simple and straightforward, consolidated treatment would impose an increased burden on the court. While Noonan's point that the claims are small and could not be efficiently

---

5. The purposes of the duty of maintenance and cure under admiralty law include providing for a crewmember as a ward until able to return to service on the ship. The Sixth Circuit requires that a claimant establish that she has "lost wages" as a result of the injury. *Midland Enter.,* 227 F.3d at 616. Thus, putting aside the question of law whether "light duty" does or does not constitute a "return to service," litigation as a class could require a complicated inquiry to determine whether and how much wages were truly lost by each class member.

litigated as separate actions may be true, it does not surmount the obstacles to superiority her proposed class would present.

Even with the broadest reading of the allegations contained in the pleadings, Noonan's proposed class can neither meet the threshold requirements under Rule 23(a), nor qualify under any of the theories for maintaining a class action under Rule 23(b). In short, it is not the kind of action which the federal rules contemplate should be brought as a class. The court will therefore deny class certification.

### Plaintiff's Motion to Compel

The interrogatory to which the parties' motions refer relates to information calculated to produce evidence for Noonan to support a request class certification. Noonan asks Argosy to provide information about its other employees "to whom Defendant paid maintenance and returned to work for Defendant prior to said individual reaching maximum medical improvement" including the types of injuries suffered, the types of work positions involved, the time maintenance was terminated, the reasons given by Argosy, and so on. (Response to Pla. Interrogatory, attached to No. 8). Noonan contends that this information is necessary because it is derived from the arguments in Argosy's motion to deny certification, and is needed to rebut the deficiencies Argosy alleges. Argosy responds that the interrogatory is overly broad and intrusive, that it would require the disclosure of private information concerning nonparties, and implies that it amounts to a "fishing expedition." (No. 10 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968))).

For the reasons outlined above, Noonan's proposed class is deficient as a matter of law. No possible set of facts she could obtain through discovery would enable her to meet the threshold requirements of Rule 23(a) or to maintain a class under 23(b). Therefore, the court must deny this motion to compel because the interrogatory in question pertains only to the proposed class action.

### CONCLUSION

There is no discoverable set of facts possible under which the class plaintiff seeks to certify could meet the requirements of Rule 23. Her proposed class is deficient as a matter of law. The plaintiff's case is more properly conceived as an individual cause of action for damages. The defendant's motion to deny class certification will therefore be granted, and the plaintiff's motion to compel response to the interrogatory will be denied.

Therefore, the court being advised,

**IT IS ORDERED THAT:**

1. The defendant's motion to deny class certification be, and it hereby is, **granted;**

2. The plaintiff's motion to compel responses to interrogatories be, and it hereby is, **denied.**